Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Feb 28 2013, 9:57 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SEAN P. HILGENDORF**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FREDERICK JAMES BURTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1208-CR-426 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable R. W. Chamblee, Jr., Judge
Cause No. 71D08-0910-FB-124

**February 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Frederick James Burton appeals the revocation of his probation and the trial court's order that he serve his entire previously suspended twelve-year sentence in the Indiana Department of Correction, with credit for time served. Burton argues that the trial court should have imposed less than the entire previously suspended sentence. Finding no error by the trial court, we affirm.

**Facts and Procedural History**

In July 2010, Burton pled guilty to Class B felony robbery. The trial court sentenced Burton to twelve years in the DOC, with five years executed, seven years suspended, and a probationary period of eight years. The sentencing order allowed Burton to participate in a therapeutic community-based treatment program to address his substance-abuse issues.

In October 2011, the trial court learned that a program previously built into Burton's original sentencing order was not available to Burton. Accordingly, the trial court modified Burton's sentence, ordering him to serve the remainder of his sentence in community corrections with a five-year probationary period. The order allowed Burton to serve home detention, rather than work release, to address his ongoing issues with diabetes. *See* Appellant's App. p. 13. The trial court warned Burton that if he violated his community-corrections placement, he would be required to serve his entire previously suspended sentence. *Id.* at 14.

Burton was required to wear an electronic monitoring device on his leg at all times as a condition of his community-corrections placement. In December 2012, authorities

2

received an alert that Burton had removed the device. Burton later admitted that he violated his placement by cutting off the device, implying he did so because of diabetes-related leg pain. *See* Tr. p. 9. However, the trial court confirmed that Burton had been receiving medical care for his diabetes while on home detention. *Id.* at 9-10. The court reminded Burton that it had previously warned him to comply with community corrections and said, "When you cut off the [electronic monitoring device] you bought yourself a ticket back to the Department of Correction. There is nothing else I can do about it, nothing." *Id.* at 11-12. The court imposed the entire previously suspended twelve-year sentence, with credit for time served.

Burton now appeals.

### Discussion and Decision

Burton argues that the trial court abused its discretion when it ordered him to serve his entire previously suspended sentence, with credit for time served. We disagree.

Once a trial court has exercised its grace by ordering probation rather than incarceration, "the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007). If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation. *Id.* Accordingly, a trial court's sentencing decision for a probation violation is reviewable using the abuse-of-discretion standard. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* If a trial court finds that a person has violated a condition of home detention at any time before termination of the period, the court may order execution of

3

all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(i).

Burton argues that the trial court failed to consider his medical condition and previous completion of a substance-abuse program when ordering Burton to serve his entirely previously suspended sentence. But the trial court considered these factors at Burton's previous sentencing hearings and crafted the previous sentencing orders to reflect these issues. At the original sentencing hearing, the court considered Burton's substance-abuse issues and allowed him to receive treatment for his drug issues in a therapeutic community-based program. At the hearing to modify Burton's sentence, the court noted that it was allowing Burton to serve home detention instead of work release so that his diabetes could be properly treated.

Burton also argues that the trial court failed to give weight to his admission that he violated his probation. However, there was no question that Burton violated his community-corrections placement by cutting off the electronic monitoring device attached to his leg; doing so sent an automatic alert to the authorities monitoring Burton. And although Burton made this admission, he claimed he did so because of diabetes-related leg pain. The trial court confirmed, however, that Burton was receiving medical care for his diabetes while on home detention.

The record shows that the trial court showed Burton leniency in its previous sentencing orders, crafting them to reflect Burton's need for substance-abuse treatment and medical care. The trial court warned Burton that if he violated his community-corrections placement, he would serve his entire previously suspended sentence. When

4

Burton violated his placement, the court allowed Burton to explain his actions. Burton complained of medical issues, but the trial court confirmed that Burton was receiving medical care for his diabetes. In light of these facts, we cannot say that the trial court abused its discretion in ordering Burton to serve his entire previously suspended twelve-year sentence, with credit for time served.

Affirmed.

BAILEY, J., and BROWN, J., concur.